### J. W. Talbot et al. v. W. W. Dillard.

#### Decided December 2, 1899.

**1. Non Est Factum—Evidence—Burden of Proof.**

A defendant sued as surety on a note pleaded non est factum, swearing positively that he did not sign the note nor authorize its signing, and his testimony was strongly supported by circumstances testified to by other witnesses. One expert testified to his belief in the genuineness of the signature, and another one to the contrary. Held that, the burden of proof being on the plaintiff, a finding against the plea was not warranted.

**2. Same—Comparison of Signatures—Practice—Presumption.**

Where, without objection, papers that are incompetent for the purpose are intro duced to afford a comparison of signatures, it will be presumed that the court disre-garded them and based his conclusion on competent evidence.

Appeal from the County Court of Bowie. Tried below before Hon. R. H. Jones.

*Todd & Glass,* for appellant C. H. Moores.

Finley, Chief Justice.—This is a suit on a promissory note by ap-pellee against appellants as indorsers for one Mrs. M. Levy. Appellant C. H. Moores pleaded non est factum as to his purported indorsement. The single question upon which he appeals is the sufficiency of the evi-dence to overcome his plea and authorize judgment against him. There are no findings of fact by the court.

The only error assigned by this appellant is as follows: "The court erred in rendering judgment against this defendant, because the plea of non est factum and the great preponderance of the evidence showed that the indorsement of the name of the defendant C. H. Moores on the back of the note sued on was not the act or deed of said Moores, nor by his au-thority."

The testimony offered on the trial was in substance as follows: "C. H. Moores was indebted to Mrs. M. Levy in the sum of about $158, for

which he gave her his note. Afterwards, he, W. H. Tilson, and J. W. Talbot indorsed for her another note for $200. This $200 note was not paid at maturity and a renewal note for $200 was presented to Moores and Tilson for indorsement, which they indorsed, each with the understanding that it was to renew the old note and that all the indorsers on the old note would indorse the new one. Another note for $200 (the one sued on) was presented to Talbot for his indorsement as a renewal of the old note ; it had C. H. Moores' name already on it, and Talbot indorsed it believing Moores' name to be genuine, and with the understanding that Tilson would also indorse it. The renewal note which Moores and Tilson indorsed was never presented to nor indorsed by Talbot, and the note sued on, indorsed by Talbot, was never presented to nor indorsed by Tilson. By some means two notes, for $200 each, were secured as renewal of the original note. Moores swears positively that he did not indorse the note sued on, though he admits indorsing the renewal note which was also indorsed by Tilson. This latter note was sued on and paid by Moores and Tilson. Moores, long after maturity of the last note, was notified by the DeKalb Exchange Bank of three $200 notes held against him as surety for Mrs. Levy. The only other evidence was comparison of signatures, admittedly genuine, and the opinions of two witnesses as experts who differed in their opinion, one, Mr. Dalby, cashier of the bank represented by plaintiff and agent for plaintiff, testifying that in his opinion the signature of Moores was genuine; while one of defendant Moores' attorneys, Mr. Todd, testified his belief that it was not genuine. The court held the signature genuine and gave judgment for plaintiff.

The burden was upon the plaintiff to prove the execution of the note. To discharge this burden, he introduced one witness who swore, as an expert, that he believed the signature to be genuine. No witness swore that he saw Moores sign the note, nor did any witness swear that he knew his signature and that the one in question was genuine. On the other hand, Moores swore positively that he did not sign the note, or authorize any one to sign it for him. His testimony was strongly supported by circumstances testified to by other witnesses, and one expert testified that in his opinion the signature was not genuine. It may be that the court compared the signature upon the note with the signatures admitted to be genuine, and reached an independent conclusion on the issue. The papers upon which the admittedly genuine signatures appeared were in no way connected with the subject matter of litigation and were not competent evidence in the case. Had they been competent for other purposes in the case and the signatures admitted to be genuine, the comparison by the court or jury trying the case might properly have been made and due import given to it as evidence. Hawley v. Gandy, 28 Texas, 211; Kennedy v. Upshaw, 64 Texas, 420; Williams v. Conger, 125 U. S., 413. These papers were not objected to, but the case was tried before the court, and the court will be presumed to have placed its decision upon competent evidence. At any rate, we do not think the court should have based the

judgment upon the testimony of the one expert witness and his own comparison of signatures, in the face of the much stronger and more satisfactory evidence against the genuineness of the signature.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*