## AMTHON v. FIRST STATE BANK OF UVALDE. (No. 5849.)

(Court of Civil Appeals of Texas. San Antonio. May 2, 1917.)

1. BILLS AND NOTES ☜523—INDORSEMENT—SUFFICIENCY OF EVIDENCE.

In a suit on a note payable to maker and indorsed on the back in maker's name, in which defendant, the maker, pleaded non est factum as to the indorsement, but admitted the execution of the note, evidence *held* to support a finding that the maker executed the indorsement.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1822–1825.]

2. BILLS AND NOTES ☜337 — FRAUD — EVIDENCE—NATURE.

The mere fact that a bank agreed to take before they were executed the notes of persons on a list of men desirable for insurance given by the bank to an insurance agent was no evidence of fraud and did not put the bank upon notice of any fraudulent representations made by the insurance agent to the makers of the notes.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 856–863.]

Appeal from Uvalde County Court; W. D. Love, Special Judge.

Action by the First State Bank of Uvalde against G. M. Amthon. Judgment was for plaintiff in a justice's court, and from a judgment for plaintiff in the county court, the defendant appeals. Affirmed.

L. Old and D. H. Jones, both of Uvalde, for appellant. Martin & Martin, of Uvalde, for appellee.

FLY, C. J. This is a suit on a note executed by appellant and made payable to the order of himself, for $174.05, with interest from January 21, 1915, its date. The note was indorsed on the back: "G. M. Amthon, Uvalde, Box 494." He pleaded non est factum as to the indorsement, but admitted the execution of the note. Appellant also pleaded failure of consideration. The cause was first tried in the justice's court, then appealed to the county court. In each court judgment was rendered in favor of appellee.

[1] Appellant swore that he executed the note payable to his order, but denied that he signed the indorsement on the back of the note. The trial judge found that he did execute the indorsement, and there is testimony which corroborates that finding. Stevenson, the agent of an insurance company, sold to appellant a policy on his life, the premium being $174.05, and the note in question was given for the first premium. Stevenson, before going out to solicit insurance in Uvalde, obtained from appellee a list of desirable men for insurance, among the number being appellant, and appellee agreed that it would cash the notes of the parties listed. Appellant gave the note sued on, payable to himself, and it is unreasonable to suppose that the agent would have accepted or that appellant would have endeavored to get the agent to accept a note payable to the maker, but not indorsed by him. Such a note would have been worthless to the agent, or at least would not have been negotiable. Appellant, when first shown the note, did not claim that he did not indorse it, but agreed to get his father to go on the note with him, if an extension was granted. He came back again and asked to see the note and looked at the indorsement, but did not deny that he had executed it. He did not claim that the indorsement was a forgery until after he had been sued. Three experts swore that the signatures to the note and indorsement were made by the same person.

[2] There is nothing in the testimony that tends to show that appellee had any knowledge of the promises made to appellant to give him an agency for the insurance company. That promise may have been made, but appellant accepted the policy when it was sent to him. The bank bought without notice and for value, before maturity. The mere fact that appellee agreed to take the notes of appellant and others before they were executed was no evidence of fraud and did not put appellee upon notice of any fraudulent representations made by the insurance agent to the makers of the notes. The case of Brown v. Miller, 22 Idaho, 307, 125 Pac. 981, has no applicability to the facts of this case. The facts in that case were held to be sufficient to put the receiver of an insolvent bank on notice that fraud had been used to procure the giving of certain notes. There was nothing in this case to put appellee upon notice.

The case of Talbot v. Dillard, 22 Tex. Civ. App. 360, 54 S. W. 406, is a fact case, in which it was held that when a party denied his signature to the note, and his testimony was strongly supported by circumstances, and the testimony of one expert who testified that, in his opinion, the signature was not genuine, the evidence could not be overcome by the opinion of another expert. A different set of facts are presented in this case, for not only did three experts testify that the signature to the indorsement was genuine, but the circumstances corroborated that opinion.

The judgment is affirmed.